UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

CASE NO.

INDERIA SHIELDS,

    Plaintiff,

v.

THE FRESH MARKET, INC.,

    Defendant.

## NOTICE OF REMOVAL

Defendant, THE FRESH MARKET, INC. (hereinafter "FRESH MARKET" or Defendant), files this Notice of Removal to remove the foregoing cause to the United States District Court for the Southern District of Florida, Fort Lauderdale Division, and respectfully shows this Court the following:

### I. STATEMENT OF THE GROUNDS FOR REMOVAL

This Notice of Removal is based on diversity jurisdiction pursuant to 28 U.S.C. § 1332 *et seq.*

### II. BASIS FOR DIVERSITY JURISDICTION

1. Plaintiff, Inderia Shields ("Plaintiff"), commenced this civil action in the 17th Judicial Circuit Court in and for Broward County, Florida styled INDERIA SHIELDS v. THE FRESH MARKET, CASE NO. CACE-19-004157 (the "Action"). Attached hereto as Exhibit "1" is a copy of said Complaint.

2. FRESH MARKET was served with the Complaint on or about March 1, 2019. No other defendant exists or has been known to be served before said date or since. Attached hereto as part of Exhibit "1" is the proof of service of the Complaint.

3. While the Complaint is highly vague and ambiguous, this is an alleged personal injury case in which FRESH MARKET is alleged to have been negligent because Plaintiff was allegedly injured when she somehow slipped and fell at an unidentified location of the Fresh Market located at 12171 W. Sunrise Boulevard, Plantation, Florida.[1] Subsequently, Plaintiff alleges a host of legal conclusions alleging that FRESH MARKET somehow negligently created or permitted the aforementioned alleged dangerous and hazardous condition to remain upon the premises and failed to warn Plaintiff of the purported condition.

4. Undersigned counsel received a copy of said Complaint on March 4, 2019 and advised Plaintiff of Defendant's intention to remove this action on March 19, 2019. Undersigned counsel also prepared a Motion for Extension of Time to Respond to the Complaint citing how this case would be removed. Attached hereto as part of Exhibit "2." Undersigned counsel further prepared the proposed Joint Stipulation on Alleged Damages for signing by Plaintiff's counsel. Attached hereto as part of Exhibit "3" is the proposed Joint Stipulation on Alleged Damages for signing by Plaintiff's counsel. Plaintiff's counsel refused to execute the Joint Stipulation on Alleged Damages. One of the main basis of the Joint Stipulation was to cap alleged damages and thus preclude removal of this matter to federal court.

5. Defendant FRESH MARKET seeks removal to the Southern District of Florida, the District in which the action is now pending.

6. This Notice is filed within thirty (30) days of the date that FRESH MARKET first received a copy of the Complaint and determined that the action was removable. Therefore, this Notice is filed in compliance with 28 U.S.C. § 1446(b).

7. Following the filing of this Notice with this Court, written notice of the filing of same will be provided to the attorney for Plaintiff as required by law.

---

[1] Complaint, ¶¶ 3 and 8.

8. Following the filing of this Notice with this Court, a true and accurate copy of the same will be filed with the Clerk of Court of the 17th Judicial Circuit Court in and for Broward County, Florida as required by law.

9. Attached to this Notice as part of Exhibit "2" is a true and legible copy of all process, pleadings, orders and other papers or exhibits of every kind on file in the State Court.

10. This Court has removal jurisdiction of this action under the provisions of Title 28 of the United States Code, § 1441(a). This Court has original jurisdiction of this action under the provisions of Title 28 of the United States Code, § 1332.

11. The Complaint states only that Plaintiff seeks damages in excess of the jurisdictional limits of the Florida Circuit Court. The damages available to Plaintiff if she prevails are not limited in any fashion, however. Plaintiff alleges that as a result of the alleged negligence, Plaintiff was injured in and about her body and extremities and/or aggravated a pre-existing condition, suffered pain, physical handicap, disfigurement, mental pain and suffering, loss of income and earning capacity, loss of the capacity for the enjoyment of life, and incurred medical expenses for the care and treatment of her injuries. Plaintiff further alleges that her losses are either permanent or continuing and that Plaintiff will suffer losses in the future.[2] Defendant has attached, as Exhibit "4", Plaintiff's redacted medical records demonstrating medical expenses and injuries supporting Plaintiff's alleged damages' claim in excess of $75,000.00. In summary, the limited medical records received to date indicate that Plaintiff allegedly sustained the following injuries as a result of the subject incident: (1) lumbar radiculitis, sprain and strain; (2) lumbago; (3) thoracic radiculitis, sprain, strain and pain; (4) tear of the ACL with large knee joint effusion resulting in right knee arthroscopy and partial synovectomy with chondroplasty of the lateral femoral condyle, patella and femoral trochlea with partial meniscectomies of the medial and lateral menisci; (5) L2-

---

[2] Complaint, ¶ 13.

3, L4-5 and L5-S1 posterior disc herniation impinging on the thecal sac resulting in posterior spinal fusion, laminectomy, foraminotomy, partial facetectomy and discectomy; and (6) L1-2 posterior disc bulge. See Exhibit "4", redacted medical records.

12. Florida jury verdict searches, attached as Exhibit "5", for similar injuries consisting of ACL tear requiring surgery and disc herniation requiring spinal fusion and/or discectomy demonstrates that the verdict awards greatly exceed the amount in controversy requirement of $75,000.00. See *TRIANA vs. PALM BEACH COUNTY SHERIFF'S DEPARTMENT.*, Case No. 502003CA000898, Palm Beach County, 2005 (Plaintiff was awarded $361,271 for cervical and lumbar disc herniations requiring cervical fusion and potentially future lumbar fusion. The award included $24,800 in past pain and suffering; $120,450 in future pain and suffering and the remainder in economic damages; as well as $4 for loss of consortium); *JONES vs. CARNIVAL CORPORATION*, Case No. 04-CV-20407, S.D. Fla., 2006 (Plaintiff was awarded $140,000.00 for only a cervical fusion.); *BROWN V. KNOX*, Case No. 16-2007-CA-002674, Duval County, 2009 (Plaintiff was awarded $175,900.00 for cervical disc herniation requiring cervical fusion and resulting permanent injury.); *JULIA-EMILIA ILIE vs. NCL (BAHAMAS) LTD.*, Case No. 05-16592 CA 11, Miami-Dade County, 2008 (Plaintiff was awarded $173,400.00 for only a torn meniscus that required surgery. The award included $1,400.00 for past lost wages; $50,000.00 for past pain and suffering; $72,000.00 for future surgery; and $50,000 for future pain and suffering); and *MORAND vs. CARLI*, Case No. 01-06-CA-29-J, Alachua County, 2008 (Plaintiff was awarded $299,215.00 for a lumbar herniation, requiring surgery, and a torn meniscus also requiring surgery. The award included $160,000.00 for past pain and suffering and $41,760.00 for future pain and suffering). See attached Exhibit "5", jury verdict searches.

13. Additionally, Plaintiff's pre-suit demand of November 30, 2017, claims medical specials of $300,545.07 and contains a settlement demand of $1,000,000.00, and is further

evidence that the $75,000.00 amount in controversy requirement is satisfied. *See* pre-suit demand letter attached as Exhibit "6".

14. Further, Plaintiff's counsel refused to execute a proposed Joint Stipulation on Alleged Damages limiting alleged damages to $75,000.00 or less and thus avoiding this removal. In short, based on these allegations the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

15. Plaintiff is a citizen and resident of Florida and the Defendant is a Delaware corporation with its principle place of business in North Carolina located at 628 Green Valley Road, Suite 500 Greensboro, North Carolina, 27408. Defendant is therefore a citizen of the State of North Carolina and Delaware for purposes of diversity jurisdiction.

16. Accordingly, there is complete diversity of citizenship between the actual and real parties and the requirements of 28 U.S.C. § 1441(b) have been met since Defendant is not a citizen of Florida, the State in which this action was brought. Thus, this Court has removal jurisdiction based upon diversity of citizenship.

## III. CONCLUSION

This Notice was filed within thirty (30) days of when the Defendant could first ascertain the amount in controversy exceeded the jurisdictional limit. The amount in controversy exceeds $75,000.00, exclusive of interest and costs. Complete diversity exists because Plaintiff is a citizen of Florida and Defendant is a citizen of North Carolina and Delaware. Accordingly, Defendant respectfully requests that this action proceed in this Court as an action properly removed pursuant to 28 U.S.C. § 1332, *et seq.*, 28 U.S.C. § 1441, *et seq*, and 28 U.S.C. § 1446, *et seq.*

Respectfully submitted,

s/William A. Potucek
Michael Alexander Garcia
Fla. Bar No. 0161055
Email: mgarcia@fowler-white.com

William A. Potucek
Fla. Bar No. 0100577
Email: wpotucek@fowler-white.com

FOWLER WHITE BURNETT, P.A.
Brickell Arch, Fourteenth Floor
1395 Brickell Avenue
Miami, Florida 33131
Telephone:   (305) 789-9200
Facsimile:   (305) 789-9201

**CERTIFICATE OF SERVICE**

I hereby certify that on March 20, 2019, the foregoing document was electronically filed with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

<u>s/William A. Potucek</u>
William A. Potucek

## SERVICE LIST

CASE NO.

Michael W. Wallace, Esq.
Fenstersheib Law Group, P.A.
520 W. Hallandale Beach Blvd.
Hallandale Beach, Florida 33009
Telephone: (954) 456-2488
Facsimile:   (954) 252-2139
mww-pleadings@fenstersheib.com