# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### Case No. 19-cv-60725-BLOOM/Valle

INDERIA SHIELDS,

      Plaintiff,

v.

THE FRESH MARKET, INC.,

      Defendant.

_____/

### <u>ORDER</u>

**THIS CAUSE** is before the Court upon Plaintiff Inderia Shields' ("Plaintiff") Motion to Remand, ECF No. [6] ("Motion"), filed on March 27, 2019. The Court has carefully reviewed the Motion, Defendant's Response, ECF No. [9] ("Response"), the record and applicable law, and is otherwise fully advised. For the reasons set forth below, the Motion is denied.

On February 25, 2019, Plaintiff filed a complaint ("Complaint") in the above-referenced action in the Seventeenth Circuit Court in and for Broward County, Florida against Defendant The Fresh Market ("Defendant"). ECF No. [1-2]. In the Complaint, Plaintiff alleges a single claim of negligence related to a fall Plaintiff sustained in the Fresh Market store, located at 12171 W. Sunrise Blvd., Plantation, Florida 33323, on May 30, 2016. ECF No. [1-2], at 3. The Complaint indicates that damages in this action are "in excess of fifteen thousand dollars. *Id.* at 1.

Defendant filed its Notice of Removal on March 20, 2019, ECF No. [1] ("Removal Notice"), pursuant to 28 U.S.C. § 1446, on the basis of diversity jurisdiction. ECF No. [1]. In the Removal Notice, Defendant argues that jurisdiction in this Court is proper because the parties' citizenship is diverse from one another and because the jurisdictional amount has been satisfied.

*See generally*, ECF No. [1] .

Plaintiff has now filed the instant Motion, seeking to remand this action back to state court. ECF No. [6]. In the instant Motion, Plaintiff argues that the Defendant has failed to meet the requisite jurisdictional requirements for diversity jurisdiction. Specifically, the Plaintiff argues that the Defendant has failed to prove the Plaintiff's citizenship and has failed to prove that the amount in controversy does not exceed the required jurisdictional amount of $75,000.00. In its response to the Motion ("Response"), ECF No. [9], Defendant argues that "[a] myriad of records, including Plaintiff's medical treatment records, bankruptcy records, uniform traffic citation records, and Florida Driver's License records all support that Plaintiff is domiciled in the State of Florida and is therefore a citizen of the State of Florida for purposes of diversity." ECF No. [9], at 2. Defendant also argues that the jurisdictional amount is satisfied, as evidenced by Plaintiff's pre-suit demand letter seeking $1,000,000.00 and the Plaintiff's medical records, which amount to over $300,000.00. *Id.*

Title 28 U.S.C. § 1332(a) vests a district court with subject matter jurisdiction when the parties are diverse and the amount in controversy "exceeds the sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. § 1332(a). A party may remove the action when these requirements are met. It is axiomatic that a federal district court must remand to state court any case that lacks the necessary jurisdiction or was removed improperly. *See Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994). In determining whether subject matter jurisdiction has been satisfied, the Court must focus upon the amount in controversy *at the time that the case is removed*, and not at any later point. *Poore v. Am.-Amicable Life Ins. Co. of Tex.*, 218 F.3d 1287, 1290-91 (11th Cir. 2000), *overruled in part on other grounds*, *Alvarez v. Uniroyal Tire Co.*, 508 F.3d 639, 641 (11th Cir. 2007).

Here, as for Plaintiff's first argument that Defendant has not proved diversity of citizenship by a preponderance of the evidence, the Court finds this argument is not colorable. In the Complaint, Plaintiff states that she is a resident of Broward County, Florida. ECF No. [1-2], at 2. In her Motion, Plaintiff argues that residency is not the equivalent of citizenship for diversity purposes. ECF No. [6], at 3. While the Plaintiff is correct that residency alone is not sufficient to establish citizenship, the Court finds that the Defendant has proffered additional evidence to establish that Plaintiff's citizenship is diverse from the Defendant's citizenship. In its Response, Defendant has attached the unredacted medical records related to the injury at the center of this lawsuit, which indicate that Plaintiff's residence is located in Plantation, Florida. ECF No. [9-1], at 2-4. Additionally, Defendant has provided the Plaintiff's driver's license records, which indicate that the Plaintiff's home address is located in the State of Florida. *Id.* at 5-7. Further, Defendant has provided records from the United States Bankruptcy Court in and for the Southern District of Florida, which indicate the Plaintiff 's address is located in Plantation, Florida. *Id.* at 8-17. In the Complaint, Plaintiff concedes that Defendant is a "foreign" corporation. ECF No. [1-2], at 1. In the Notice of Removal, Defendant asserts that it is a "Delaware corporation with its principle [sp.] place of business in North Carolina." ECF No. [1], at 5. Therefore, Defendant is a citizen of North Carolina and Delaware for the purposes of diversity jurisdiction. Indeed, only citizenship by Plaintiff of either North Carolina or Delaware would destroy diversity between the parties. Notably, nowhere in Plaintiff's Motion does she contend that she is a citizen of either of these states. After a review of the Complaint, Notice of Removal and the briefs filed in support and opposing the instant Motion, the Court finds that the Defendant has met its burden to prove diversity of citizenship exists between the parties.

Plaintiff's second argument, relating to whether Defendant has sufficiently met its burden

of establishing the threshold jurisdictional amount is equally unavailing.  In support of the Notice of Removal, Defendant has attached a pre-suit demand letter, which seeks $1,000,000.00 in damages related to Plaintiff's slip and fall at the Fresh Market store.  ECF No. [1-7], at 5.  In her Motion, Plaintiff argues that her demand letter should not be used as a basis to support the instant action's removal because such letter, without more, amounted to "nothing more than puffery." ECF No. [6], at 9.  Courts have previously held that pre-suit demand letters can qualify as "other papers" under 28 U.S.C. § 1446(b)(3).  *See Givens v. Evanston Ins. Co.*, Case No. 10-61652 (S.D. Fla. 2010); *Golden v Dodge-Markham Co.*, 1 F.Supp. 1360 (M.D. Fla. 1998); *Stramel v GE Capital Small Bus. Fin. Corp.*,955 F.Supp. 65 (E.D. Tex. 1997); *Sunburst Bank v. Summit Acceptance Corp.*, 878 F.Supp. 77 (S.D. Miss 1995).  While a "settlement offer, by itself, may not be determinative, [] it counts for something." *Burns v. Windsor Insurance Co.*, 31 F.3d 1092, 1097 (11th Cir. 1994).

In *Moses v. Home Depot U.S.A., Inc.*, Defendant Home Depot avoided remand by arguing that use of a pre-suit demand letter that specified injuries plus supporting materials was appropriate to remove a case to federal court. No. 13-60546-CIV, 2013 WL 11977917, at *3 (S.D. Fla. June 19, 2013); *see also Wilson v. Target Corp.*, 2010 WL 3632794, *4 (S.D. Fla. Sept. 14, 2010) (detailed pre-suit demand letter delineated the extent of the alleged injuries, the physicians who had treated the plaintiff, and the medical care received from each of those physicians which could be considered reliable evidence that damages exceeded $75,000.00); *Katz v. J.C. Penney Corp., Inc.*, 2009 WL 1532129, *5 (S.D. Fla. June 1, 2009) (the amount in controversy was met where Plaintiff had made a pre-suit demand, based on medical reports, in the amount of $58,995.78 in current medical expenses and $39,800.00 in future medical expenses).

Here, in addition to proffering the demand letter as evidence that the jurisdictional amount

has been met, Defendant has also supported the Notice of Removal with the Plaintiff's medical records, which amount to over $300,000.00 in costs and fees. ECF No. [1-5]. Based on the foregoing, the Court concludes that the Defendant has established by a preponderance of the evidence that the amount in controversy has exceeded the jurisdictional requirement at the time of the filing of the Complaint. A demand letter, standing alone, may not be enough to satisfy the jurisdictional amount. However, when a demand letter is combined with medical records showing expenses for more than $75,000.00, it is clear at the time the case was filed that the amount in controversy exceeded the amount required. Such is the case here.

Accordingly, the Court finds that it has proper subject matter jurisdiction pursuant to 28 U.S.C. § 1332(a). At the time of removal of the instant matter, the parties were diverse and the amount in controversy exceeded $75,000. Plaintiff's arguments are insufficient to provide a basis for remand. Therefore, it is **ORDERED AND ADJUDGED** that Plaintiffs' Motion, **ECF No. [6]**, is **DENIED**.

**DONE AND ORDERED** in Miami, Florida, this 17th day of April, 2019.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record