# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### Case No. 19-cv-60725-BLOOM/Valle

INDERIA SHIELDS,

     Plaintiff,

v.

THE FRESH MARKET, INC.,

     Defendant.

_____/

### OMNIBUS ORDER

**THIS CAUSE** is before the Court upon Defendant The Fresh Market, Inc.'s ("Defendant" or "Fresh Market") Motion for Dismissal of the Action; for Sanctions; or to Compel Plaintiff's Deposition and for Reasonable Costs and Attorneys' Fees, ECF No. [28] ("Sanctions Motion") and Plaintiff Inderia Shields Amended Motion to Continue and to Remove Case, ECF No. [33] ("Transfer Motion"). The Court has reviewed the Motions, the supporting and opposing briefs and is otherwise fully advised. For the reasons that follow, the Sanctions Motion is granted in part and denied in part and the Transfer Motion is denied.

## I. BACKGROUND

Plaintiff initiated the above-styled lawsuit in the Circuit Court of the Seventeenth Judicial Circuit in and for Broward County, Florida. ECF No. [1-2]. In the Complaint, Plaintiff alleges that she sustained injuries after she slipped and fell while at the Fresh Market store located at 12171 W. Sunrise Blvd., Plantation, Florida. *Id.* at 2. Plaintiff asserts a single claim of negligence against the Defendant. *Id.* At the time of the filing of the Complaint, Plaintiff was represented by counsel, Michael W. Wallace, Esq., of the Law Offices of Robert J. Fenstersheib & Associates,

P.A. Defendant subsequently removed this case to this Court based on diversity jurisdiction pursuant to 28 U.S.C. § 1332. ECF No. [1].

On June 26, 2019, Defendant propounded written discovery upon Plaintiff. Defendant asserts that Plaintiff failed to respond to its discovery requests, and on August 8, 2019, Defendant filed a motion to compel Plaintiff's responses. *See* ECF No. [19]. In the Motion to Compel, Defendant sought to compel Plaintiff's discovery responses, to deem its requests for admissions admitted, and for its attorneys' fees and costs associated with the time and preparation of drafting and filing the motion. *See generally id.*

On August 8, 2019, Plaintiff's counsel filed a Motion for Leave to Withdraw as Counsel of Record, citing "irreconcilable differences" as the basis for his motion. *See* ECF No. [18]. The Court subsequently granted the motion. ECF No. [21]. On August 12, 2019, Plaintiff filed a notice of record indicating that she would proceed in the lawsuit *pro se*. ECF No. [23].

On August 21, 2019, Plaintiff sat for her deposition, which had been coordinated prior to her counsel's withdraw. While the parties dispute the reason for its ultimate termination, both parties agree that Plaintiff's deposition was ultimately terminated by the Plaintiff. ECF No. [33], at 1; ECF No. [40], at 3.

On August 23, 2019, the Defendant filed the Sanctions Motion, requesting that the instant action be dismissed or, alternatively, to compel the Plaintiff's deposition and for reasonable attorneys' fees and costs. ECF No. [28]. On September 9, 2019, Plaintiff filed the Transfer Motion, requesting that the action be transferred to the Middle District of Florida, citing her relocation to Jacksonville, Florida and financial difficulties as a basis for the motion. ECF No. [33].

## II.    DISCUSSION

### a.    Sanctions Motion

In the Sanctions Motion, Defendant argues that the instant action should be dismissed for the Plaintiff's continued failure to respond to the pending discovery requests and for her unilateral termination of her deposition. *See generally* ECF No. [28]. Specifically, Defendant contends that Plaintiff has not produced a single document responsive to Defendant's Request for Production, served a single answer responsive to Defendant's Interrogatories, or provided a single response to Defendant's Requests for Admissions. *Id.* at 3. Therefore, Defendant argues that Plaintiff's refusal to participate in discovery and her refusal to continue and attend her own deposition warrant the dismissal of this action. *Id.* Alternatively, Defendant seeks to compel the Plaintiff's deposition and for reasonable attorneys' fees and costs for defense counsel's appearance at her deposition. *Id.* at 2-3. On September 9, 2019, the Plaintiff filed a "Good Faith Motion," which after a review is clearly a response to the Defendant's Sanctions Motion. ECF No. [32]. In the Response, Plaintiff argues that defense counsel was "very disrespectful" during the deposition, which led to her experiencing an "anxiety attack" and forced her departure from the office. *Id.* at 1. As for Plaintiff's failure to produce any written discovery, Plaintiff seems to argue that such discovery is in the possession of her prior counsel. *Id.* Plaintiff also argues that she should not be liable for attorneys' fees and that she has "no intention of dismissing the case." *Id.*

The Eleventh Circuit has "articulated a two-part analysis for determining when an action should be dismissed as a sanction: There must be both (1) a clear record of willful conduct and (2) a finding that lesser sanctions are inadequate. *Zocaras v. Castro*, 465 F.3d 479, 483 (11th Cir. 2006) (citing *Betty K Agencies, Ltd. v. M/V MONADA*, 432 F.3d 1333, 1339 (11th Cir. 2005) ("dismissal with prejudice is plainly improper unless and until the district court finds a clear record

of delay or willful conduct and that lesser sanctions are inadequate to correct such conduct")); *see also Boazman v. Econ. Lab., Inc.*, 537 F.2d 210, 212 (5th Cir. 1976) ("[D]ismissal with prejudice is such a severe sanction that it is to be used only in extreme circumstances, where there is a clear record of delay or contumacious conduct, and where lesser sanctions would not serve the best interests of justice.") (quotations omitted). When considering alternative sanctions, the Eleventh Circuit has counseled that "[d]ismissal of a case with prejudice is considered a sanction of last resort, applicable only in extreme circumstances." *Zocaras*, 465 F.3d at 483; *see also Boazman*, 537 F.2d at 212 (explaining "that lesser sanctions would suffice in all but the most flagrant circumstances").

While the Court agrees with the Defendant that Plaintiff's continued failure to participate in discovery is unacceptable, it does not agree that dismissal is appropriate *at this time*. Dismissal of an action is the most severe of sanctions and should only be implemented when lesser sanctions will not suffice. Here, Plaintiff has failed to provide any written discovery and has failed to agree to continue her terminated deposition. After a review of the record, the Court finds that there are less onerous sanctions, which will better serve the interests of justice in this action, rather than the dismissal of this action.

As for the written discovery, on September 12, 2019, the Court granted in part and denied in part the Defendant's Motion to Compel. ECF No. [38]. In that order, the Court specifically held that Plaintiff shall provide responses to Defendant's First Request for Admissions, Defendant's First Request for Production of Documents and Materials to Plaintiff and verified answers to Defendant's First Set of Interrogatories to Plaintiff, no later than September 25, 2019. *Id.* The Court also held that the Plaintiff's failure to furnish the requested discovery was not substantially justified and the Defendant is entitled to recover attorney's fees from the Plaintiff in seeking

compliance pursuant to Rule 37(d)(3) of the Federal Rules of Civil Procedure. *Id*. Therefore, the Court has already addressed the issue concerning the written discovery. As for Plaintiff's termination of her deposition, the Court finds that the Plaintiff should be compelled to sit and continue her deposition, and that this lesser sanction will suffice in remedying Plaintiff's noncompliance.

To date, Plaintiff has failed to engage in discovery; therefore, Defendant cannot prepare a defense, nor meaningfully consider settlement options. The Court further notes that the Plaintiff, even without her prior counsel, has access to her own personal medical records and files, and thus is not inhibited from producing responsive documents to the Defendant. The Court cautions Plaintiff that continued failure to participate in discovery or her failure to comply with this Order, will result in the dismissal of the instant action. Accordingly, the Court will grant the Defendant's Sanctions Motion to the extent that it seeks to compel Plaintiff's deposition. Because the Court finds that Plaintiff's termination and her refusal to continue her deposition was not substantially justified, the Defendant is entitled to recover reasonable attorney's fees and costs associated with his attendance at the deposition. Pursuant to Federal Rule of Civil Procedure 37(d)(3), Defendant shall file an affidavit setting forth the attorneys' fees and costs incurred. The Court will deny all other relief sought in Defendant's Sanctions Motion.

### b. Transfer Motion

In the Transfer Motion, Plaintiff requests that the Court transfer the instant action to the Middle District of Florida, arguing that she is financially "unable to commute to Miami for the proceedings" due to her unemployment. ECF No. [33], at 2. Plaintiff also argues that the injuries allegedly sustained when she slipped and fell in Fresh Market, has rendered her incapable of

driving long distances. *Id.* Defendant opposes the relief sought in Plaintiff's Transfer Motion, arguing that the bases raised are insufficient to warrant transfer of this action. ECF No. [40].

Section 1404(a) of Title 28 of the United States Code embodies a codification and revision of the *forum non conveniens* doctrine, *see Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 253 (1981), and it provides in relevant part that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought...." 28 U.S.C. § 1404(a); *see also Carucel Investments, L.P. v. Novatel Wireless, Inc.*, 157 F. Supp. 3d 1219, 1222-23 (S.D. Fla. 2016) ("Section 1404(a) reflects an increased desire to have federal civil suits tried in the federal system at the place called for in the particular case by considerations of convenience and justice.") (quoting *Van Dusen v. Barrack*, 376 U.S. 612, 616 (1964)). "[T]he burden is on the movant to establish that the suggested forum is more convenient." In re Ricoh Corp., 870 F.2d 570, 573 (11th Cir. 1989); *see also Steifel Labs., Inc. v. Galderma Labs., Inc.*, 588 F. Supp. 2d 1336, 1338 (S.D. Fla. 2008).

Here, Plaintiff argues that her relocation to Jacksonville, Florida and her financial situation renders her "unable" to commute to Miami for the proceedings of this lawsuit. ECF No. [33], at 2. While the Court is sympathetic to these issues, Plaintiff's reasons for the requested transfer fall woefully short of meeting her burden in establishing that the new forum proposed better serves the parties' convenience and the interests of justice. *See* 28 U.S.C. § 1404(a). Instead, Plaintiff simply requests that this action be transferred to the Middle District of Florida without offering any legal argument or explanation in support. *Id.* Moreover, Plaintiff initiated this action in Broward County, Florida. Thus, it was Plaintiff who chose the venue she now seeks to have her case transferred from. Further, the incident alleged in Plaintiff's lawsuit occurred in this District. Both the witnesses and the store location itself are located in the Southern District of Florida. Plaintiff's

personal relocation has no bearing on why this action cannot proceed in this District. Therefore, when considering Plaintiff's original chosen forum, the convenience of the parties, and the access to evidence, the Court finds that Plaintiff request is not warranted. Accordingly, Plaintiff's Transfer Motion is denied.

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. Defendant's Sanctions Motion, **ECF No. [28]**, is **GRANTED IN PART AND DENIED IN PART**. The parties are ordered to schedule Plaintiff's deposition ***no later than September 27, 2019***. Defendant shall file a notice of compliance of record once the deposition has been scheduled.

2. Plaintiff's Transfer Motion, **ECF No. [33]**, is **DENIED**.

**DONE AND ORDERED** in Chambers at Miami, Florida, on September 20, 2019.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record

Inderia Shields
13009 Shallow Water Road
Jacksonville, FL 32258
Email: nalisucki@gmail.com