UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 19-cv-60725-BLOOM/Valle

INDERIA SHIELDS,

      Plaintiff,

v.

THE FRESH MARKET, INC.,

      Defendant.

_____/

## OMNIBUS ORDER

**THIS CAUSE** is before the Court upon Defendant The Fresh Market, Inc.'s ("Defendant" or "Fresh Market") Motion to Dismiss or for Sanctions for Failure to Comply with Court Orders and to Compel, ECF No. [56] ("Defendant's Motion"), and Plaintiff Inderia Shields' ("Plaintiff") Motion to Compel Defendant Interrogatories, Admissions, Request for Production and Motion to Sanction, ECF No. [69] ("Motion to Compel"). The Court has reviewed the Motions, the supporting and opposing briefs and is otherwise fully advised. For the reasons that follow Defendant's Motion is granted in part and denied in part and the Motion to Compel is denied.

## I.    BACKGROUND

Plaintiff initiated the above-styled lawsuit in the Circuit Court of the Seventeenth Judicial Circuit in and for Broward County, Florida. ECF No. [1-2]. In the Complaint, Plaintiff alleges that she sustained injuries after she slipped and fell while at the Fresh Market store located at 12171 W. Sunrise Blvd., Plantation, Florida. *Id.* at 2. At the time of the filing of the Complaint, Plaintiff was represented by counsel, Michael W. Wallace, Esq., of the Law Offices of Robert J.

Fenstersheib & Associates, P.A. Counsel has since withdrawn, and the Plaintiff has elected to proceed in this action *pro se*. *See* ECF Nos. [18], [21], [23].

On June 26, 2019, Defendant propounded written discovery upon Plaintiff. On August 8, 2019, Defendant filed a motion to compel Plaintiff's responses to its requests for discovery. *See* ECF No. [19]. In the motion to compel, Defendant sought to compel Plaintiff's discovery responses, to deem its requests for admissions admitted, and for its attorneys' fees and costs associated with the time and preparation of drafting and filing the motion. *See generally id.* On September 12, 2019, the Court granted in part and denied in part Defendant's motion to compel and ordered the Plaintiff to provide her responses to Defendant's discovery requests no later than September 25, 2019. ECF No. [38]. Plaintiff then apparently timely responded to the Defendant's discovery requests. Defendant has now moved to dismiss this action, arguing that the Plaintiff has failed to adequately respond to its Request for Admissions and Interrogatories. *See generally* ECF No. [56].

On October 7, 2019, the Plaintiff filed her Motion to Compel, seeking an order from the Court compelling the Defendant to respond to her Interrogatories, Requests for Admissions and Request for Production. ECF No. [69]. Plaintiff also requested an order of sanctions be imposed against the Defendant for its alleged failure to respond to her requests for discovery. *Id.*

## II.    DISCUSSION

### a.    *Defendant's Motion*

In its Motion, Defendant argues that the instant action should be dismissed for the Plaintiff's failure to adequately respond to its discovery requests. *See generally* ECF No. [56]. Specifically, Defendant contends that while Plaintiff has produced documents, she has not submitted written responses to the Defendant's Request for Admissions. *Id.* at 2. Thus, Defendant

argues that Plaintiff should be required to submit a document confirming that the documents she produced are intended to be her responses to the Defendant's Request for Admissions. *Id.* Defendant also argues that many of Plaintiff's responses to its Interrogatories are insufficient. *Id.* Therefore, Defendant argues that Plaintiff's failure to adequately respond to its discovery requests warrants the dismissal of this action. *Id.* Alternatively, Defendant seeks to compel proper answers to its Interrogatories. *Id.* at 9. Plaintiff opposes the relief sought in the Defendant's Motion. ECF No. [59].

The Eleventh Circuit has "articulated a two-part analysis for determining when an action should be dismissed as a sanction: There must be both (1) a clear record of willful conduct and (2) a finding that lesser sanctions are inadequate. *Zocaras v. Castro*, 465 F.3d 479, 483 (11th Cir. 2006) (citing *Betty K Agencies, Ltd. v. M/V MONADA*, 432 F.3d 1333, 1339 (11th Cir. 2005) ("dismissal with prejudice is plainly improper unless and until the district court finds a clear record of delay or willful conduct and that lesser sanctions are inadequate to correct such conduct")); *see also Boazman v. Econ. Lab., Inc.*, 537 F.2d 210, 212 (5th Cir. 1976) ("[D]ismissal with prejudice is such a severe sanction that it is to be used only in extreme circumstances, where there is a clear record of delay or contumacious conduct, and where lesser sanctions would not serve the best interests of justice.") (quotations omitted). When considering alternative sanctions, the Eleventh Circuit has counseled that "[d]ismissal of a case with prejudice is considered a sanction of last resort, applicable only in extreme circumstances." *Zocaras*, 465 F.3d at 483; *see also Boazman*, 537 F.2d at 212 (explaining "that lesser sanctions would suffice in all but the most flagrant circumstances").

Dismissal of an action is the most severe of sanctions and should only be implemented when lesser sanctions will not suffice. Here, the Court finds that there are  lesser sanctions which

will better serve the interests of justice, rather than the dismissal of this action. Specifically, the Court can order the Plaintiff to amend her discovery responses.

The Court understands that the Plaintiff has provided documents presumed to be her responses to the Defendant's Requests for Admissions. To the extent that the Plaintiff has failed to provide written responses indicating whether she admits or denies Defendant's Requests for Admissions, the Defendant's Motion is granted. The Plaintiff is directed to provide written responses either admitting or denying the Defendant's Requests for Admissions or confirming which documents produced are intended to be responses to the Defendant's First Request for Admissions.

Further, following review of the responses submitted by the Plaintiff to the Defendant's Interrogatories, the Court agrees with the Defendant that many of the Plaintiff's responses are insufficient or incomplete. The Court makes the following findings:

### i. __Interrogatory No. 3__:

Interrogatory No. 3 asks the following:

> Did you have any physical infirmity, disability, sickness or consume alcohol/medications at the time of or prior to the incident described in the complaint? If so, what was the nature of the infirmity, disability, sickness, consumption? In answering please state whether you consumed any alcoholic beverages or had taken any drugs or medication within twelve hours before the time of the incident described in the complaint and if so, state the type and amount of alcoholic beverages, drugs or medication which were consumed and when and where you consumed them.

ECF No. [56], at 2-3. Plaintiff's response to Interrogatory No. 3 is simply "no." *Id.* at 3. Defendant argues that this answer is insufficient as Plaintiff fails to identify prior injuries, despite acknowledging that she was involved in personal injury claims against other parties. *Id.* at 3. The

Defendant also argues that this information is necessary to permit it to advance fact discovery and develop its defenses to Plaintiff's claim. *Id.*

The Court finds that Plaintiff's response to Interrogatory No. 3 is deficient as it relates to the issue of whether Plaintiff consumed alcoholic beverages, drugs or medication *within twelve hours* before the incident alleged in the Complaint. As it relates to the first question posed in Interrogatory No. 3—whether Plaintiff has "any physical infirmity, disability, sickness or consume alcohol/medications at the time of or prior to the incident described in the complaint", Plaintiff has sufficiently responded.

Accordingly, the Defendant's Motion as it relates to Interrogatory No. 3 is **GRANTED IN PART**. Plaintiff must amend her response to Interrogatory No. 3 to provide the information as to whether she consumed alcoholic beverages, drugs or medication *within twelve hours* before the incident alleged in the Complaint.

### ii. <u>Interrogatory No. 4</u>:

Interrogatory No. 4 asks the following:

> Have you ever made a claim or filed a lawsuit against anyone on behalf of yourself or any member of your family other than this lawsuit? If so, state the state and county where claim was made, the date thereof and identify all parties to the action or proceeding.

ECF No. [56], at 3. Plaintiff's response to Interrogatory No. 4 was "[y]es, Publix Supermarket. Florida/Broward." *Id.* Defendant argues that Plaintiff has failed to specify the dates of the claims and the number of claims she had and that the requested information is necessary to permit Defendant to conduct discovery to obtain information regarding Plaintiff's prior claims in order to develop its defenses. *Id.*

The Court agrees with the Defendant that Plaintiff's response to Interrogatory No. 4 is deficient. Plaintiff has failed to provide the date the claim against Publix was made, nor has she identified the parties to the action referenced in her response.

Accordingly, the Defendant's Motion as it relates to Interrogatory No. 4 is **GRANTED**. Plaintiff must amend her response to include the date the action against Publix Supermarket was filed and must identify all parties to the action. The Court also notes that to the extent Plaintiff has filed more than one lawsuit on behalf of herself or any member of her family, she must also provide all details requested in Interrogatory No. 4 for each action filed.

### iii. <u>Interrogatory No. 6</u>:

Interrogatory No. 6 asks the following:

> State the complete names, addresses and telephone numbers of any and all physicians or hospitals of any kind whom you have seen or consulted with during the past fifteen (15) years for any reason and state the nature of each ailment or illness or other reason for which such physician was consulted. Give the dates you saw each physician and include which physician provided treatment you claim is related to the alleged incident identified in the Complaint.

ECF No. [56], at 3. Plaintiff answered "[n]one to my recollection" in response to Interrogatory No. 6. *Id.* Defendant argues in its Motion that Plaintiff has failed to identify prior medical providers, despite admitting she was involved in prior personal injury claims, and that the requested information is necessary to permit Defendant to conduct discovery and to develop its defenses to Plaintiff's claim. *Id.* at 3-4.

The Court agrees with the Defendant that Plaintiff's response to Interrogatory No. 6 is deficient. Despite indicating in her response to Interrogatory No. 7 that there were "numerous medical expenses [and] medical providers," Plaintiff has responded that she does not recall any

physicians or hospitals that she has visited or consulted with in the past 15 years. ECF No. [56], at 4. Clearly, these two responses are contradictory.

Accordingly, the Defendant's Motion as it relates to Interrogatory No. 6 is **GRANTED**. Plaintiff must amend her response to provide the information sought in Interrogatory No. 6. To the extent the Plaintiff does not have such information in her possession or does not have access to such information, she must provide a response indicating as such and an explanation why the information is not available.

### iv. <u>Interrogatory No. 7</u>:

Interrogatory No. 7 asks the following:

> Describe in detail in any and all medical expenses and any and all damages of any kind you incurred because of the alleged incident as stated in the Complaint, and list the dates and providers for medical treatment and the nature and amount of each item of expense and/or damage.

ECF No. [56], at 4. Rather than providing a response to Interrogatory No. 7, Plaintiff attached various medical records to her responses. *Id.* Defendant argues that a detailed response is necessary to conduct discovery in order to obtain information regarding Plaintiff's prior claims and to further develop its defenses. *Id.*

With respect to Plaintiff's reference to attached documents in response to Interrogatory No. 7, the Court notes that Federal Rule of Civil Procedure 33(d), gives the answering party the option of responding to an interrogatory as follows:

> Where the answer to an interrogatory may be derived or ascertained from the business records, including electronically stored information, of the party upon whom the interrogatory has been served or from an examination, audit or inspection of such business records, including a compilation, abstract or summary thereof, and the burden of deriving or ascertaining the answer is substantially the same for the party serving the interrogatory as for the party served, it is a sufficient answer to such interrogatory to specify the records

> from which the answer may be derived or ascertained and to afford
> to the party serving the interrogatory reasonable opportunity to
> examine, audit or inspect such records and to make copies,
> compilations, abstracts, or summaries. A specification shall be
> in sufficient detail to permit the interrogating party to locate and to
> identify, as readily as can the party served, the records from which
> the answer may be ascertained.

Fed. R. Civ. P. 33(d).

Thus, Rule 33(d) makes it permissible to respond to an interrogatory by referring to documents containing the requisite information-including summaries, compilations, and abstracts-available to the interrogating party for review. Because Defendant's Motion does not indicate that the documents referenced by the Plaintiff were insufficient, the Court denies the Defendant's Motion as it relates to Interrogatory No. 7.

Accordingly, the Defendant's Motion as it relates to Interrogatory No. 7 is **DENIED** *without prejudice* to renew after a thorough review of the documents made available by Plaintiff. After conferring with the Plaintiff, should Defendant conclude that the response remains inadequate the Defendant may renew its Motion to Compel as it relates to Interrogatory No. 7.

### v. Interrogatory No. 10:

Interrogatory No. 10 asks the following:

> Describe in detail and not in summary fashion each act or omission
> on the part of Defendant or any other party that you contend
> constituted negligence or that was a contributing legal cause of the
> incident in question.

ECF No. [56], at 4. In response to Interrogatory No. 10, Plaintiff has stated "I don't understand this question." *Id.* Defendant argues that in responding to Interrogatory No. 10, Plaintiff has failed to answer the Interrogatory and did not provide an objection. Moreover, the requested information is necessary to permit Defendant to develop its defenses. *Id.*

The Court first reminds the Defendant that Plaintiff is a *pro se* party. What is apparent from Plaintiff's response to Interrogatory No. 10 is that Plaintiff has provided a response. Tellingly, she does not understand the question. To that extent, the Court interprets Plaintiff's response as an "objection." The Court will, therefore, direct the parties to confer, in an attempt to resolve the issues as it relates to Interrogatory No. 10.

Accordingly, the Defendant's Motion as it relates to Interrogatory No. 10 is **DENIED** *without prejudice* to renew. After conferring with the Plaintiff in a good faith effort to resolve the dispute, the Defendant may renew its Motion to Compel as it relates to Interrogatory No. 10.

### vi. <u>Interrogatory No. 13</u>:

Interrogatory No. 13 asks the following:

> Please state whether you have been involved in any accident, automobile accident, slip and fall or any other kind of accident prior to or subsequent to the incident described in the Complaint and, if so, please state the place and date of such accident, stating exactly any personal injuries that may have been suffered in such incident and the name and address of each and every physician or hospital who treated or examined you.

ECF No. [56], at 4. In response to Interrogatory No. 13, Plaintiff has stated "Publix Supermarket but I don't recall the details surrounding the accident." *Id.* at 4-5. Defendant argues in its Motion that Plaintiff failed to provide the requested information and that such information is necessary to develop its defenses to Plaintiff's claim. *Id.* at 5.

The Court agrees with the Defendant that Plaintiff's response to Interrogatory No. 13 is deficient. Plaintiff must provide the Defendant with the requested information including the place and date of the accident that occurred at Publix Supermarket, the personal injuries suffered, and the name and address of each and every physician or hospital who treated or examined her related to the accident.

Accordingly, the Defendant's Motion as it relates to Interrogatory No. 13 is **GRANTED**. Plaintiff must amend her response to provide the information sought in Interrogatory No. 13. To the extent the Plaintiff does not have such information in her possession or does not have access to such information, she must provide a response indicating as such and an explanation why the information is not available. The Court also notes that to the extent Plaintiff has been involved in any additional accidents beyond the one she has identified, she must also provide all details requested in Interrogatory No. 13 for each accident.

### vii.  Interrogatory No. 15:

Interrogatory No. 15 asks the following:

> List any and all names and any and all addresses and telephone numbers of any and all persons who are believed or known by you or your agents or attorneys to have any knowledge concerning any of the issues in this lawsuit and the subject matter about which the witness has knowledge.

ECF No. [56], at 5. In response to Interrogatory No. 15, Plaintiff has responded "[u]nknown." *Id.* Defendant argues in its Motion that Plaintiff failed to provide the requested information, and otherwise provided an evasive response, and that such information is necessary for the Defendant to identify potential individuals with knowledge of Plaintiff's claim and to develop its defenses to Plaintiff's claim. *Id.*

The Court agrees with the Defendant that Plaintiff's response to Interrogatory No. 15 is deficient. Plaintiff must provide the Defendant with the requested information. There is no colorable basis that the Plaintiff can provide that would warrant withholding the information sought in Interrogatory No. 15.

Accordingly, the Defendant's Motion as it relates to Interrogatory No. 15 is **GRANTED**. Plaintiff must amend her response to provide the information sought in Interrogatory No. 15.

### viii. **Interrogatory No. 16:**

Interrogatory No. 16 asks the following:

> List any and all names and any and all addresses and telephone
> numbers of any and all Do you contend that you have lost any
> income, benefits or earning capacity in the past or future as a result
> of the incident described in the Complaint? If so, state the nature of
> the income, benefits or earning capacity and the amount and method
> that you used in computing that amount.

ECF No. [56], at 5. In response to Interrogatory No. 16, Plaintiff has responded "[u]nknown." *Id.*

Defendant argues that Plaintiff failed to provide the requested information, and otherwise provided

an evasive response, and that the information is necessary to permit Defendant to develop its

defenses to Plaintiff's claim. *Id.* at 5-6.

The Court notes that Interrogatory No. 16 appears to have a scrivener's error. However, it

is clear that regardless of the error, Plaintiff seemingly understood the inquiry because she gave a

response. Therefore, the Court agrees with the Defendant that the Plaintiff's response to

Interrogatory No. 16 is deficient. Plaintiff must provide the Defendant with the nature of any lost

income, benefits or earning capacity in the past or future as a result of the incident alleged in her

Complaint.

Accordingly, the Defendant's Motion as it relates to Interrogatory No. 16 is **GRANTED**.

Plaintiff must amend her response to provide the information sought in Interrogatory No. 16.

### ix. **Interrogatory No. 17:**

Interrogatory No. 17 asks the following:

> Has anything been paid or is anything payable from any third party
> from the damages listed in your above answers to interrogatories? If
> so, state the amounts paid or payable, the name and business address
> of the person or entity who paid or owes said amount and which of
> those third parties have or claim a right of subrogation.

ECF No. [56], at 6. In response to Interrogatory No. 17, Plaintiff has responded "[u]nknown." *Id.* Defendant argues that Plaintiff's response fails to provide the requested information, and otherwise provided an evasive response. *Id.* Defendant further contends that the requested information is necessary to permit it to determine what collateral sources or subrogation claims exist. *Id.*

The Court agrees with the Defendant that Plaintiff's response to Interrogatory No. 17 is deficient. Plaintiff is obligated to conduct a reasonable investigation with regard to the information sought and must provide the Defendant with the requested information.

Accordingly, the Defendant's Motion as it relates to Interrogatory No. 17 is **GRANTED**. Plaintiff must amend her response to provide the information sought in Interrogatory No. 17.

x.  **Interrogatory No. 18:**

Interrogatory No. 18 asks the following:

> Please state and describe in detail your occupation or employment, the name and main address for your occupation and employment, years in said occupation or employment, prior addresses and names for your prior occupation or employers [for the past ten (10) years] and describe any and all documents supporting your answer.

ECF No. [56], at 6. In response to Interrogatory No. 18, Plaintiff has responded "Business Entrepreneur." *Id.* Defendant argues that Plaintiff's response fails to provide the requested information, including what her employment was, the name and address of her occupation and employment, the years in said occupation or employment, and prior names and addresses for prior employers. *Id.* Defendant also notes that Plaintiff has previously proffered to this Court that she is unemployed. *Id.* at 6-7. Defendant claims that the requested information is necessary to permit Defendant to determine "what Plaintiff is claiming, where she previously worked, who may have knowledge regarding Plaintiff's physical condition," and to further develop its defenses to Plaintiff's claim. *Id.* at 7.

The Court agrees with the Defendant that Plaintiff's response to Interrogatory No. 18 is deficient. Plaintiff must provide the Defendant with the requested information including the detailed description of her listed employment, the name and main address for her occupation and employment, and the number of years she worked as a "Business Entrepreneur." Plaintiff must also provide the prior addresses and names of her prior occupation or employers for the past ten years. As it relates to the description of "any and all documents supporting [Plaintiff's] answer," Plaintiff has not objected to such request. However, the Court notes that it is not clear as to which documents the Defendant is seeking. Therefore, it will not require the Plaintiff to provide this information at this time.

Accordingly, the Defendant's Motion as it relates to Interrogatory No. 18 is **GRANTED IN PART**. Plaintiff must amend her response to Interrogatory No. 18 to provide the information as outlined above.

### xi. <u>Interrogatory No. 19</u>:

Interrogatory No. 19 asks the following:

> State the complete names, addresses and telephone numbers of any and all individuals or entities of any kind whom have ever provided medical or curative treatment of any kind, or whom you have seen or consulted with, during the past twenty (20) years for any reason and state the name and address for any and all pharmacies you have used for drugs or medicines during the past twenty (20) years for any reason.

ECF No. [56], at 7. In response to Interrogatory No. 19, Plaintiff has responded "I don't recall to memory." *Id.* Defendant argues that Plaintiff's response fails to provide the requested information and that the requested information is relevant to the issues of liability and damages issues related to Plaintiff's alleged injuries and its defenses. *Id.* Defendant, therefore, argues that Plaintiff's

response to Interrogatory No. 19 is "incomplete, evasive and inappropriate, and lacks the specific information necessary to pursue discovery in a reasonable manner." *Id.*

The Court agrees with the Defendant that Plaintiff's response to Interrogatory No. 19 is deficient. Plaintiff is obligated to conduct a reasonable investigation regarding the information sought and must provide the Defendant with the requested information.

Accordingly, the Defendant's Motion as it relates to Interrogatory No is **GRANTED**. Plaintiff must amend her response to provide the information sought in Interrogatory No. 19.

### b. *Motion to Compel*

In Plaintiff's Motion to Compel, she seeks an order from the Court compelling the Defendant to respond to the Plaintiff's Interrogatories, Requests for Admissions, and Requests for Production, which she contends was served on the Defendant on June 6, 2019 and again on September 26, 2019. ECF No. [69], at 1. Plaintiff argues that because the Defendant has failed to respond to the aforementioned discovery, sanctions should be awarded. *Id.* at 2. Defendant opposes the Motion to Compel, arguing that (1) Plaintiff failed to adequately confer prior to filing the motion as required by Southern District of Florida Local Rule 7.1(a)(3), and (2) Defendant timely responded to the Defendant's discovery requests on July 3, 2019. ECF No. [75].

The Court first takes this opportunity to remind Plaintiff that a proper conferral requires that she undertake reasonable efforts to obtain Defendant's position on a motion prior to filing such motion. Had the parties confer as to the issues raised in Plaintiff's Motion to Compel, it would likely have resulted in the avoidance of unnecessary motion practice and a waste of judicial resources. Moreover, in light of Defendant's proffering of two emails from July 2019 (the "July Emails") demonstrating that the Defendant timely responded to Plaintiff's requests for discovery,

the Court does not find there is good cause to grant the relief sought in the Motion to Compel. *See* ECF No. [75-1].

Accordingly, Plaintiff's Motion to Compel is denied. The Court will, however, direct the Defendant to provide courtesy copies of the responses to the requests for discovery attached to the July Emails directly to the Plaintiff, and filed a Notice of Compliance upon completion no later than October 30, 2019.

Lastly, the Court takes this opportunity to note that there appears to be a complete and utter lack of communication and good faith conferral between the parties. Much of the motion practice in this case appears to revolve around issues that could have been handled without Court intervention had the parties taken the time to confer with one another. Southern District of Florida Local Rule 7.1(a)(3) states in relevant part:

> [C]ounsel for the movant shall confer (orally or in writing), or make reasonable effort to confer (orally or in writing), with all parties or non-parties who may be affected by the relief sought in the motion in a good faith effort to resolve by agreement the issues to be raised in the motion. Counsel conferring with movant's counsel shall cooperate and act in good faith in attempting to resolve the dispute. At the end of the motion, and above the signature block, counsel for the moving party shall certify either: (A) that counsel for the movant has conferred with all parties or non-parties who may be affected by the relief sought in the motion in a good faith effort to resolve the issues raised in the motion and has been unable to do so; or (B) that counsel for the movant has made reasonable efforts to confer with all parties or non-parties who may be affected by the relief sought in the motion, which efforts shall be identified with specificity in the statement (including the date, time, and manner of each effort), but has been unable to do so. If certain of the issues have been resolved by agreement, the certification shall specify the issues so resolved and the issues remaining unresolved. Failure to comply with the requirements of this Local Rule may be cause for the Court to grant or deny the motion and impose on counsel an appropriate sanction, which may include an order to pay the amount of the reasonable expenses incurred because of the violation, including a reasonable attorney's fee.

*See* L.R. 7.1(a)(3). Therefore, moving forward, the Court will require the parties to provide a detailed certificate of conferral indicating the method, date and manner in which the parties conferred on any disputes that arise prior to filing motions in the future. Failure to do so may result in the Court denying the motion without prejudice.

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. Defendant's Motion, **ECF No. [56]**, is **GRANTED IN PART AND DENIED IN PART**. *No later than November 1, 2019*, Plaintiff must serve Defendant with written responses to the Defendant's Requests for Admissions and amended responses to Interrogatories Nos. 3, 4, 6, 13, and 15-19.

2. Plaintiff's Motion to Compel, **ECF No. [69]**, is **DENIED**. Defendant is directed to provide a courtesy copy of its responses to Plaintiff's requests for discovery directly to the Plaintiff and a file a notice of compliance *no later than October 30, 2019*.

**DONE AND ORDERED** in Chambers at Miami, Florida, on October 23, 2019.

_____

**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record

Inderia Shields
13009 Shallow Water Road
Jacksonville, FL 32258
Email: nalisucki@gmail.com