UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

**Case No. 19-cv-60725-BLOOM/Valle**

INDERIA SHIELDS,

Plaintiff,

v.

THE FRESH MARKET, INC.,

Defendant.
______________________________/

**ORDER**

**THIS CAUSE** is before the Court upon Defendant The Fresh Market's ("Defendant" or "Fresh Market") Motion for Summary Judgment, ECF No. [93] (the "Motion"). Plaintiff Inderia Shields, LLC ("Plaintiff") has failed to timely respond to the Motion.[1] The Court has carefully reviewed the Motion, the record, and is otherwise fully advised. For the reasons that follow, Defendant's Motion is granted.

## I. BACKGROUND

Plaintiff originally filed her Complaint in the Circuit Court in the Seventeenth Judicial Circuit in and for Broward County, Florida. *See* ECF No. [1-2]. The action was subsequently removed to federal court on the basis of diversity jurisdiction. ECF No. [1]. The facts giving rise to the instant action stem from Plaintiff's alleged slip and fall that occurred while she was at the

[1] Pursuant to Southern District of Florida Local Rule 7.1(c), failure to respond to a motion "may be deemed sufficient cause for granting the motion by default." To date, the record reflects that Plaintiff has neither filed an opposition by the extended deadline, nor requested an extension of time by which to do so. Plaintiff's failure to respond to the Motion alone is sufficient basis to grant the Motion. The Court has, however, reviewed the merits of the Motion and finds that there is good cause to grant the relief requested.

Fresh Market store located at 12171 W. Sunrise Blvd., Plantation, Florida. ("Fresh Market Store"). *Id.* at 2. Plaintiff asserts a single claim of negligence against the Defendant. *Id.*

Upon visiting the Defendant's business, Plaintiff claims she fell on water when she reached the floral department of the Fresh Market Store. ECF No. [93], at ¶ 1. Plaintiff has no personal knowledge of when the water arrived on the area of floor where she slipped. *Id.* at ¶ 9. Plaintiff has no personal knowledge of how much time had passed between the time the water first arrived on the floor and the time of her fall. *Id.* at ¶ 3. Plaintiff has no personal knowledge or evidence as to when the subject area had last been cleaned or inspected inside the Fresh Market Store. *Id.* at ¶ 5. Plaintiff has no personal knowledge of any other prior falls that occurred in the Fresh Market Store. *Id.* at ¶ 7. Fresh Market now moves for summary judgment and contends that no issue of material fact exists as it had no actual or constructive notice of the water on the floor of the Fresh Market Store, which is the subject of Plaintiff's claim. *Id.* at ¶ 10.

## II. LEGAL STANDARD

A party may obtain summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). An issue is genuine if "a reasonable trier of fact could return judgment for the non-moving party." *Miccosukee Tribe of Indians of Fla. v. United States*, 516 F.3d 1235, 1243 (11th Cir. 2008) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986)). A fact is material if it "might affect the outcome of the suit under the governing law." *Id.* (quoting *Anderson*, 477 U.S. at 247-48). The Court views the facts in the light most favorable to the non-moving party and draws all reasonable inferences in the non-moving party's favor. *See Davis v. Williams*, 451 F.3d 759, 763 (11th Cir. 2006). "The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which a jury could

reasonably find for the plaintiff." *Anderson*, 477 U.S. at 252. Further, the Court does not weigh conflicting evidence. *See Skop v. City of Atlanta, Ga.*, 485 F.3d 1130, 1140 (11th Cir. 2007) (quoting *Carlin Comm'n, Inc. v. S. Bell Tel. & Tel. Co.*, 802 F.2d 1352, 1356 (11th Cir. 1986)).

The moving party shoulders the initial burden of showing the absence of a genuine issue of material fact. *Shiver v. Chertoff*, 549 F.3d 1342, 1343 (11th Cir. 2008). Once this burden is satisfied, "the nonmoving party 'must do more than simply show that there is some metaphysical doubt as to the material facts.'" *Ray v. Equifax Info. Servs., L.L.C.*, 327 F. App'x 819, 825 (11th Cir. 2009) (quoting *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586, 106 S. Ct. 1348, 89 L. Ed. 2d 538 (1986)). Instead, "the non-moving party 'must make a sufficient showing on each essential element of the case for which he has the burden of proof.'" *Id.* (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986)). Accordingly, the non-moving party must produce evidence, going beyond the pleadings, and by its own affidavits, or by depositions, answers to interrogatories, and admissions on file, designating specific facts to suggest that a reasonable jury could find in the non-moving party's favor. *Shiver*, 549 F.3d at 1343. Even "where the parties agree on the basic facts, but disagree about the factual inferences that should be drawn from those facts," summary judgment may be inappropriate. *Warrior Tombigbee Transp. Co., Inc. v. M/V Nan Fung*, 695 F.2d 1294, 1296 (11th Cir. 1983).

## III. DISCUSSION

In the instant Motion, Defendant seeks summary judgment on the basis that Plaintiff has failed to meet her burden under Florida Statutes, § 768.0755, Premises liability for transitory foreign substances in a business establishment. Defendants contend that Plaintiff has failed to establish that the Defendant had any notice of the hazardous condition prior to the Plaintiff's fall. ECF No. [93], at 6. Specifically, Defendant argues that there is no record evidence that it had actual

or constructive knowledge of the water on the floor prior to Plaintiff's fall and therefore, there is no evidence that Defendant breached a duty. ECF No. [93], at 10. Because Plaintiff has failed to establish this essential element of her claim, Defendant argues that summary judgment in its favor is appropriate.

Reviewing all facts and drawing all inferences in Plaintiff's favor, the Court agrees with the Defendant. There exists no material issue of fact in dispute. As a matter of law, Plaintiff has not established that Defendant had actual or constructive notice of the water on which she allegedly slipped. Thus, the Court agrees that summary judgment is appropriate.

***a. Premises Liability Standard***

In a diversity case, the Court must apply the substantive law of the state in which the case arose. *See Pendergast v. Sprint Nextel Corp.*, 592 F.3d 1119, 1132-33 (11th Cir. 2010). For that reason, the Court looks to Florida negligence law. In a negligence claim, Florida law requires that a plaintiff prove the following four elements: (1) the defendant had a duty to conform to a certain standard of conduct; (2) the defendant breached that duty; (3) the breach of that duty caused damages to the plaintiff, and (4) the plaintiff sustained damages. *Encarnacion v. Lifemark Hospitals of Fla.*, 211 So. 3d 275, 278-79 (Fla. 3d DCA 2017) (*quoting Wilson-Greene v. City of Miami*, 208 So. 3d 1271 (2017)). In a premises liability case, Defendant, as a premises owner, owes Plaintiff, as a business invitee, "a duty to exercise reasonable care to maintain [its] premises in a safe condition." *Encarnacion*, 211 So. 3d at 278. To demonstrate a breach of that duty in a case involving a transitory foreign substance, such as this one, the Florida Legislature has mandated that the plaintiff prove the defendant had prior notice—actual or constructive—of the dangerous condition.

Florida Statute § 768.0755 states, in relevant part:

> (1) If a person slips and falls on a transitory foreign substance in a business establishment, the injured person must prove that the business establishment had actual or constructive knowledge of the dangerous condition and should have taken action to remedy it. Constructive knowledge may be proven by circumstantial evidence showing that: (a) The dangerous condition existed for such a length of time that, in the exercise of ordinary care, the business establishment should have known of the condition; or (b) The condition occurred with regularity and was therefore foreseeable.

Fla. Stat. § 768.0755.

**i. <u>Actual Notice</u>**

A premises owner has actual knowledge of a dangerous condition when its employees or its agents "know[ ] of or create[d] the dangerous condition." *Barbour v. Brinker Florida, Inc.*, 801 So. 2d 953, 957 (Fla. 5th DCA 2001) (*citing Food Fair Stores, Inc. v. Trusell*, 131 So. 2d 730, 732 (Fla. 1961)). After a review of the record evidence, there is no evidence that establishes that the Defendant created the condition on the floor or that it knew about the condition prior to Plaintiff's incident. Indeed, Plaintiff even testified at her deposition that she had no personal knowledge or evidence supporting when the water accumulated on the floor of the floral department. *See* ECF No. [88-1], at 171:14-172:13 ("Q: You have no personal knowledge or evidence as to how long the water you claim caused you to slip was on the floor prior to your slipping correct? A: No. Because I wasn't looking down . . . I only saw it when I fell.).

The record is completely devoid of any evidence supporting that the Defendant knew about the water on the floor prior to Plaintiff's fall, or that the Defendant somehow caused or created the condition on the floor. There is, however, record evidence in the form of sworn testimony that the Defendant did not have any notice of the condition complained of in the Complaint. Specifically, in responding to Plaintiff's Interrogatories, Defendant affirmed that it was unaware that the condition existed and denied having any notice of the water on the floor of the Fresh Market Store

prior to Plaintiff's fall. *See* ECF No. [93-2], at ¶ 16 ("Defendant had no notice of any purported condition prior to Plaintiff's alleged incident."). The Court has also scoured the record in this case and notes that there has been no admissible evidence filed supporting the contrary. Therefore, after a close review of the record in this case, Plaintiff has failed to establish that the Defendant had actual knowledge of the water on the floor prior to Plaintiff's fall.

**ii. <u>Constructive Notice</u>**

Plaintiff may also establish liability under Fla. Stat. § 768.0755 by proving that the Defendant had constructive notice of the hazardous condition, which caused her injury. Plaintiff may prove constructive notice by establishing that: (1) "[t]he dangerous condition existed for such a length of time that, in the exercise of ordinary care, the business establishment should have known of the condition" or (2) "[t]he condition occurred with regularity and was therefore foreseeable." Fla. Stat. § 768.0755 (1).

In the instant case, the record is devoid of any evidence establishing either that the dangerous condition existed for any length of time, or that the condition occurred with any kind of regularity. In fact, Plaintiff has testified to the contrary. Specifically, Plaintiff testified that she had no personal knowledge of any other falls occurring at the Fresh Market Store on the day she allegedly fell. *See* ECF No. [88-1], at 145:13-146:3 ("Q: No personal knowledge or evidence of any prior complaint from any customers regarding the floral department; correct? . . . A: On the day of my accident I don't know anything as far as anybody falling on the day of my accident . . . Q: No personal knowledge or evidence of any prior falls in the floral department on the day of your incident; correct? A: No."). Plaintiff also testified that she had no personal knowledge of the length of time the water was present on the floor when she fell. *See* ECF No. [88-1], at 177:18-22 ("Q: So you have no personal knowledge as to whether this water you claim was on the floor that

you claim caused you to fall was on the floor for more than a minute prior to your fall, correct? A: No. Because I wasn't looking on the floor."). Plaintiff has not provided, nor does the record reflect any evidence that supports that the Defendant had constructive knowledge of the water on the floor at the Fresh Market Store. Standing alone, Plaintiff's testimony, which at best reflects a complete lack of knowledge of how long the water was present on the floor, is insufficient to establish the Defendant had constructive notice of the hazardous condition.

Here, solely through her deposition testimony, Plaintiff has merely established that she slipped and fell on water in the floral department of the Fresh Market Store. A plaintiff's "right to recover in a slip and fall case requires more than a showing simply that the surface upon which the injured fell was slick, smooth, or wet." *Feinman v. Target Corp.*, 2012 WL 6061745, at *6 (S.D. Fla. Dec. 6, 2012) (*quoting Williams v. Holland*, 205 So. 2d 682, 683 (Fla. 1st DCA 1968)). "When considering whether there is an issue of fact for submission to a jury in transitory foreign substance cases, courts look to the length of time the condition existed before the accident occurred." *Wilson-Greene v. City of Miami*, 208 So. 3d 1271, 1275 (Fla. 3d DCA 2017) (*quoting Dominguez v. Publix Super Markets, Inc.*, 187 So. 3d 892, 894 (Fla. 3d DCA 2016)). "[T]he mere presence of the substance on the floor is not enough; the record must have additional facts to create a permissible inference about the time the foreign substance had been on the floor ... without this evidence, a finding of negligence would be sheer speculation." *Ayers v. Wal-Mart Stores, East, L.P.*, 2017 WL 747541, at *2 (S.D. Fla. Feb. 27, 2017). Like Plaintiff's failure to establish actual notice, Plaintiff's testimony standing alone fails to establish that the Defendant had constructive notice of the condition complained of in the Complaint.

After a review of the Motion, it is apparent that the Defendant satisfied its initial burden to prove the absence of a genuine issue of material fact on the element of notice of the hazardous

condition, which Plaintiff alleges caused her to slip and fall. Once the burden shifted to Plaintiff to present evidence creating a genuine issue of material fact, Plaintiff failed to provide any such evidence, nor does the record support a different finding. Therefore, the Court finds there is no genuine issue of material fact as to whether Defendant had actual or constructive notice of the water on the floor in the Fresh Market Store prior to Plaintiff's fall. Absent any evidence supporting that the Defendant had actual or constructive notice, there can be no breach of a duty of reasonable care. Plaintiff's inability to establish this necessary element of her claim requires the entry of summary judgment in the Defendant's favor.

## IV. CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. Defendant's Motion for Summary Judgment, **ECF No. [93]**, is **GRANTED**.
2. To the extent not otherwise disposed of, all pending motions are **DENIED AS MOOT**.
3. All deadlines and hearings are **TERMINATED.**
4. The Clerk is **DIRECTED** to **CLOSE** this.
5. Final Judgment will be entered by separate order.

**DONE AND ORDERED** in Chambers at Miami, Florida on December 17, 2019.

**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record

Inderia Shields
13009 Shallow Water Road
Jacksonville, fl 32258
954-732-2916
Email: nalisucki@gmail.com